RECEIVED
IN LAKE CHARLES, LA

FEB 16 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DOUAINE CONNER AND SHIELA CONNER | : | DOCKET NO. 2:06 CV 2038 |
| VS. | : | JUDGE MINALDI |
| GREAT AMERICAN ASSURANCE CO. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

This matter comes before the court on Great American Assurance Company's ("Great American") Motion for Summary Judgment [doc. 8]. The motion is unopposed.

## BACKGROUND

This action arises out of damage to the plaintiffs' ("the Conners") Cameron Parish property caused by Hurricane Rita.[1] The Conners allege that their property was covered by an insurance policy issued by the defendant, Great American. They further allege that they are entitled to recover the policy limits of the Great American policy, as well as statutory and general damages due to the defendant's failure to timely pay the full amount of the claim.[2]

On September 25, 2006, the Conners filed suit in 38th Judicial District Court for the Parish of Cameron, State of Louisiana. Great American removed the case to federal court. Great American then filed the instant motion in which they assert that the Conners' were not insureds under the

---

[1] Petition ¶¶ 5-6.

[2] *Id.* at ¶¶ 11-19.

policy.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed .2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[3] *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman,* 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is

---

[3] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id* .; see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 435 (5th Cir.1992).

a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also, *Topalian,* 954 F.2d at 1131.

## ANALYSIS

The named insured under the policy at issue was New South Federal Savings Bank ("NSFSB"). NSFSB took out the policy with Great American in order to protect its interest, as mortgagee, in the Conners' Cameron Parish property. Accordingly, the policy is titled "Mortgage Protection Insurance," and states in various sections that the policy insures loss to property in which the insured has a "mortgagee interest."[4] The policy also states, "Named insured means the creditor, lending institution...The mortgagor is not a Named Insured under this policy."[5]

A property insurance contract, such as the Great American policy, is a personal contract between the insured and the insurer. *See Eagle Star Ins. Co., Ltd. v. General Acc. Fire & Life Assur. Corp.,* 315 So.2d 826, 828-29 (La.App. 3d Cir. 1975). Although the Conners allegedly

---

[4] *See* Ex. A, at 1, 27.

[5] *Id.* at 27.

3

paid insurance premiums for this policy,[6] there is no privity of contract between the Conners and Great American.

Despite the fact that the Conners might derive some indirect benefit from the policy, they have no legal right to recover the value of their home or any other damages from Great American. *Kilson v. American Road Ins. Co.*, 345 So.2d 967, 969 (La.App.2d Cir. 1977), *cert. denied*, 346 So.2d 710 (La. 1977) ("While [owner] may receive some indirect benefit from the policy, since a payment under the policy would reduce his obligation to [creditor], there are no rights under the policy which can be asserted by him. Since there exists no relationship between [owner] and [insurer], [owner] has no right to recover under the insurance policy."); *Ortego v. First American Title Ins. Co.*, 569 So.2d 101, 106 (La.App. 4th Cir. 1990) ("[T]title insurance issued only to a mortgagee confers no benefits upon the mortgagor...Therefore, plaintiffs, as the mortgagors in this case, had no rights under the title insurance policy issued.").

Accordingly, Great American's Motion for Summary Judgement will be granted.

Lake Charles, Louisiana, this ___15___ day of February, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[6] Petition ¶ 3.

4